David Abrams, Attorney at Law
PO Box 3353 Church Street Station
New York, New York 10008
Tel. 212-897-5821 dnabrams@gmail.com

United States District Court
Southern District of New York

_____

United States of America ex rel.
GNGH2 Inc.,

        Plaintiff-Relator,

    - against -                    Index No.:

SINTX TECHNOLOGIES, INC.       **Complaint**

        Defendants.
_____

Plaintiff-Relator, complaining of the Defendant by its attorney, David Abrams, Attorney at Law, respectfully sets forth and alleges as follows:

**I.    Nature of the Case**

1.    This is a false claims act claim.  The Qui Tam Plaintiff and Relator, GNGH2 Inc. ("Relator"), alleges that the Defendant fraudulently obtained CARES Act disaster relief by means of fraudulent certifications of eligibility.  As set forth in more detail below, second-round PPP funding is barred to entities which are publicly traded.  In this case, the Defendant listed its stock on a stock exchange in Manhattan.

**II.    Parties**

2.    Defendant SINTX TECHNOLOGIES, INC ("Defendant") is a Delaware corporation with its principle place of business in the State of Utah.

3.      The Relator, GNGH2 Inc. ("Relator" or "Plaintiff") is a New Jersey corporation with a principal office in the State of New Jersey, County of Bergen.

**III     Compliance With Requirements of Suit**

4.      This matter will be filed under seal pursuant to 31 U.S.C. Section 3730(b) and at or about the same time, a copy of the Complaint, Sealing Order, and Relator's disclosure of evidence will be served on the Department of Justice and the United States Attorney for the Southern District of New York.

5.      Relator will not serve the Complaint or any other papers in this matter until and unless it becomes unsealed.  Thus, if the Complaint is served on the Defendant, it means that the matter has been duly unsealed.

**IV.    Jurisdiction and Venue**

6.       This Court has jurisdiction pursuant to 31 U.S.C. Section 3732(a) which provides that this type of action may be brought in any district where any Defendant resides or transacts business.  In this case, during the relevant time period, the Defendant listed its stock on the NASDAQ securities exchange which is located in Manhattan.

7.      To be clear, Relator is not alleging that personal jurisdiction arises from the Defendant's contacts with New York.  Since the False Claims Act is a national service statute, what matters for personal jurisdiction is the Defendant's contacts with the United States as a whole.  New York is the chosen venue.

**V.     Background**

8.      Throughout most of 2020 and continuing into 2021, the United States was faced with a large scale outbreak of the virus commonly known as "Coronavirus" and "COVID-19."  (the "Coronavirus Epidemic").

9. In addition to the Coronavirus Epidemic itself, the United States was faced with large scale outbreaks of panic and hysteria as a result of the Coronavirus Epidemic.

10. All of the above has resulted in major economic disruption and as a result Congress enacted the Coronavirus Aid, Relief, and Economic Security Act, commonly known as the "CARES Act."

11. The CARES Act contains a provision which permitted qualifying business which were affected by the foregoing disruption to obtain forgivable disaster loans.

12. The CARES Act was subsequently amended to provide for a second round of disaster funding.  Significantly, an applicant is ineligible for such funding if it is required to register under the Foreign Agent Registration Act ("FARA").

13. The Defendant in this matter is a manufacturer of ceramic materials.  It received first and second round disaster relief as follows:

| Date | Amount | Forgiven |
| --- | --- | --- |
| 4/28/2020 | $390,820 | 12/31/2020 |
| 3/12/2021 | $509,148 | 11/22/2021 |

14. Thus, on or about March 12, 2021 in order to receive second-round funding, Defendant completed Form 2483-SD which required it to certify that "[t]he Applicant is not an issuer, the securities of which are listed on an exchange registered as a national securities exchange under section 6 of the Securities Exchange Act of 1934 (15 U.S.C. 78f)."

15. Moreover, on or about April 28, 2020, Defendant completed form 2483 in order to receive first-round funding, which required it to certify that "[c]urrent economic uncertainty makes this loan request necessary to support the ongoing operations of the Applicant."

16. These certifications was false when made as set forth below.

17. At all times relevant to this matter, Defendant was traded on the NASDAQ exchange under the symbol SINT.

18. NASDAQ was registered as a national securities exchange under section 6 of the Securities Exchange Act of 1934 at all times relevant to this matter.

19. Thus, Defendant made a fraudulent representation when it completed form 2483-SD.

20. Moreover, the SBA has taken the position that publicly traded entities such as the Defendant are unlikely to be able to certify in good faith as to necessity.  I

21. In any event, as a result of its certifications, Defendant received substantial funds to which it would not otherwise have been entitled.

**VI.   (Count I)  Violation of the False Claims Act**

22. The False Claims Act imposes liability on a person or entity who " knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim"  31 U.S.C. Section 3729(a)(1)(B)

23. The Courts have held that this can include false statements regarding eligibility to participate in a program.  See *United States ex rel. Kirk v. Schindler Elevator Corp*.,  601 F.3d 94, 116 (2d Cir. 2010), rev'd on other grounds, 131 S.Ct. 1885 (2011) ("[C]laims may be false even though the services are provided as claimed if, for example, the claimant is ineligible to participate in the program.")

24. Thus, the Defendant's certifications of eligibility violated the False Claims Act because it was false and required for eligibility for disaster relief.

**VII.   Relief Sought**

25. On behalf of the government, Relator is seeking judgment for  the triple damages and civil penalties set forth in 31 U.S.C. Section 3729.

26.     The Defendant received $899,168 in disaster relief as a result of the certifications set forth above.

27.     Accordingly, Relator seeks judgment in the amount of $2,699,904 against the Defendant and in favor of the United States, together with costs, interest, civil penalties, an appropriate qui tam award, and such other and further relief as the Court deems just.

Respectfully submitted,

_____

David Abrams, Attorney at Law
 Attorney for Relator
GNGH2 Inc.

PO Box 3353 Church Street Station
New York, NY 10008
Tel. 212-897-5821
Fax  212-897-5811

Dated: New York, NY
       March 29, 2022